

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK

# RUSHVILLE
# SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: March 21, 2016

Name: Smego v. Wexford Health Sources, Inc.,

Case Number: _____  ☒ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition
☐ Response / Reply
☒ Other (Specify) __Complaint__

Title of Pleading: __Complaint__
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): __13__

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RICHARD MICHAEL SMEGO,           )
                                 )
         Plaintiff,              )
                                 )
    VS.                          )
                                 )               16-4058
WEXFORD HEALTH SOURCES INC.,     )  Case No._____
GREGG SCOTT, MICHAEL BEDNARZ,    )
DANIELLE WALKER-LOW and          )
SANDRA SIMPSON,                  )
                                 )
         Defendants.             )
                                 )
                                 )

## COMPLAINT

This Complaint asserts a civil rights action pursuant to Title 42 of the United Sates Code, Section 1983 for the violation of certain rights of Plaintiff's civil rights as guaranteed under the United States Constitution and the Illinois Constitution as well as numerous and various Federal and State codes and statutes.

## FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. §1331, a civil action arising under the United States Constitution, other federal laws and pendent jurisdictions of civil actions arising under the Illinois Constitution and other State statutes. All claims are based in violation of Federally secured rights, federal questions, and in violation of the same of similar rights guaranteed additionally by the State of Illinois.

## II.   THE PARTIES

A.   The Plaintiff:

1.  Mr. Richard Michael Smego
    IL Dept of Human Services
    Treatment & Detention Facility
    17019 County Farm Road
    Rushville, Illinois 62681

B.   The Defendants.

Wexford Health Sources Inc., (representative John Doe Defendents)
Local address unknown
425 Holiday Drive, Foster Plaza Two
Pittsburgh, PA 15220

All Wexford Health Source Inc., Defendants' in, or that become involved in this complaint are sued in thier official and individual capacities. At all times pertinent hereto, these yet unnamed John Doe Defendants' that work with or represent Wexford Health Sources Inc., were acting under the Color of State Law.

2.  Gregg Scott, Facility Director
    IL Dept of Human Services
    Treatment & Detention facility
    17019 County Farm Road
    Rushville, IL 62681

Defendant Gregg Scott is sued in both his individual and his official capacities. At all times pertinent hereto, Defendant Scott was acting under the color of State Law.

3.  Michael Bednarz, Medical Director
    IL Dept of Human Services
    Treatment & Detention Facility
    17019 County Farm Road
    Rushville, Illinois 62681

Defendant Bednarz is sued in both his official and his individual capacities. At all times pertinent hereto, Defendant Bednarz was acting under the color of State Law.

4.  Danielle Walker-Low, Director of Nursing
    IL Dept of Human Services
    Treatment & Detention Facility
    17019 County Farm Road
    Rushville, Illinois 62681

Defendant Walker-Low is sued in both her official and her individual capacities. At all times pertinent hereto, Defendant Walker-Low was acting under the Color of State Law.

5.  Defendant Sandra Simpson, Grievance Examiner
    IL Dept of Human Services

Treatment & Detention Facility
17019 County Farm Road
Rushville, Illinois 62681

Defendant Simpson is sued in both her official and her individual capacities. At all times pertinent hereto, Defendant Simpson was acting under the Color of State Law.

### III. LITIGATION HISTORY

The Plaintiff brough Smego v. Mitchell, 08-3142, Central District of Illinois, which proceeded against Only Dr. Jacqueline F. Mitchell-Lawshea. Mitchell-Lawshea was the facility dentist at the time that case was presented to the jury and from the witness stand, Defendant Mitchell Lawshea testified under oath, as did her expert witness, as well as all other defense witnesses, that Wexford Health Sources, Inc deliberately under staffs the Rushville Treatment and Detention Facility by only providing 1, 15 hour a week Dentist.

The Plaintiff has not brought any other cases in State or Federal court dealing with the same fact, evidence, or defendants, as involved in this case.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. There is a grievance procedure available at this facility.
2. The Plaintiff in this case is not a prisoner, and not under the PLRAS.
3. The Plaintiff has filed grievance(s) over the events and actions and been told, formally, in writing, that Plaintiff can not grieve not being able to see the dentist because she is never at work due to her only being contracted to work 15 hours each week, this was deemed non-grievable.
4. The Grievance examiner declared all grievances related to dental care and treatment, nongrievable, preventing the Plaintiff from being able to complain about the conditions of his confinement.
5. This process is complete and any possible administrative remedy was foreclosed on by the Defendants' in this case.

## V. STATEMENT OF FACTS AND CLAIMS

1. The Plaintiff is civilly committed against his will for the express purpose of receiving mental health treatment that will, by design, reduce any future risk of danger to himself or society through behavioral modification programs and other means. As a matter of accepted fact, the Plaintiff, by law is entitled to more considerable conditions of confinement than those persons serving criminal sentences in prison, or for punishment.

2. This Plaintiff, is without reasonable, meaningful dental care and treatment, and no one would argue that he isn't entitled to such care and treatment in at least as great a level as a prisoner within the same state he is civilly committed by the Department of Human Services. In February of 2015, Plaintiff proceeded to trial against a single defendant in the U.S.C.D case of <u>Smego v. Mitchell</u> 08-3142, during which Defendant Mitchell, two (2) expert witnesses, and each witness called by the defendant all testified under oath that Wexford Health Sources Inc., only allowed for one (1), fifteen (15) hour a week dentist and that this was not enough to provide adequate services due to the large number of residents at this facility. All the witnesses further testified that additional staff besides 1 dentist would also be required.

3. On March 2, 2015, the Plaintiff filed an A.T.R. Grievance with Defendant Sandra Simpson grieving the fact there was no dentist at all for the weekend of February 28, and March 1. Plaintiff further grieved that the Dentist, and several other health care unit administrators testified under oath that 15 hours a week is not enough to provide services to over 550 residents at this facility. That the

4

dentist has stated she is overwhelmed, and that I have been waiting for dental treatment for a very long time. Plaintiff also pointed to the expert opinion as to the need of additional hours and attached the opinion to his grievance when he filed it.

4.    Defendant Sandra Simpson returned Plaitiff's grievance about needing dental care and treatment, the fact that the Dentist did not come to work and she said it was impossible for her to treat 550 resident in a 15 hour work week. Defendant Simpson attached a note to Plaintiff's returned grievance stating: "Please be advised your attempt to resolve with date[...] is not a grievable issue." Defendant Simpson goes on to state that "Staffing patterns and/or contract agreements are not grievable. As you can imagine that are persons and divisions outside of the facility (policymakers) who are involved with these type of decisions. sic.

5.    While this was not Plaintiff's only attemp to resolve this conflict internally, it is the same result Plaintiff always received. Beyond the fact this Plaintiff has a first amendment right to be able to grieve or complain about the conditions of his confinement, he has an absolute right to meaningful medical care and treatment. Plaintiff, as indicated, filed that grievance on March 3, 2015, to date, the Plaintiff has not received any dental treatments that repaired any teeth, fixed any cavities, or corrected any problems. Defendant Simpson, by refusing to process the grievance in any way, is deliberately indifferent to Plaintiff serious medical need. She made no effort whatsoever to process the complaint knowing Plaintiff sought medical attention in the absence of staff able to render treatment.

6.    Defendant Michael Bednarz received serveral letters of

5

complaint from the Plaintiff, including Certified Mail, return receipt requested. Plaintiff complained to Defendant Bednarz, who is the facility Medical Director about the lack of dental treatment, the lack of staff, the limited number of hours, and the extremely long period of time this Plaintiff has waited for fillings and service, in some cases over 9 years. Defendant Bednarz never responded to the Plaintiff in any way.

7. Defendant Gregg Scott is the facility director. Defendant Scott reports to this Plaintiff that he has the final approval on every activity, program, or service at this facility. Plaintiff has discussed the need for dental care with Scott, the very limited hours of treatment, written Scott several times, and no changes have taken place and no response to these written requests, or complaints, in over a year now.

8. Defendant Danielle Walker-Low is the Director of Nursing. Defendant Walker-Low has, as a witness over a year ago, testified that in her professional opinion the facility dentist, who is not named as a defendant in this case, cannot provide service for 550 residents a year, and the residents that are seen don't receive "good" treatment because the dentist is rushed. Walker-Low admitted under oath that she knew Wexford was aware of the fact 15 hours a week for 1 dentist was not enough, and that they were not really trying very hard to hire additional staff for the dental department because of cost. Defendant Walker-Low further stated that this single dentist that is only available to work on weekend for 15 hours each week is not enough for the residents that were at the facility in February 2015, and the number has increased since then. Walker-Low clearly demonstrated she understood the problem, yet did nothing to address it.

6

9. Wexford Health Sources Inc., provides the dentist for this facility. In February of 2015, no less than 6 medical professionals testified that 15 hours a week was a gross and deliberate under staffing that was reckless, dangerous, and in no way allowed for the proper treatment of 550 residents. Likewise, these same experts also testified that this would, or at least should be a <u>grievable</u> issue at this facility, however the facility, or at least, Sandra Simpson the facility Grievance Examiner, refuses to even accept the grievance.

10. Wexford Health Sources Inc., has by their deliberate effort to under staff the dental department keep this Plaintiff from obtaining care and treatment for his ongoing medical problems related to his teeth. While the efforts to staff this facility by Wexford were studied by 2 experts who both generated expert reports. The facility dentist, Dr. Jacqueline F. Mitchell-Lawshea, who is not a named defendant in this complaint had an expert who is widely respected in this field and testified as an expert in many cases and serves on many review panels and so forth. This Expert, John Dovgan, D.D.S. opines that: "Wexford has the responsibility to employ enough dental staff as well as have enough dental operating hours to properly take care of inmate and/or detainee's dental conditions. Wexford failed to live up to their contract, Dr. Mitchell was simply an employee that had a very limited number of hours working at Rushville with no control over hiring or firing, no control over supplied being cancelled by her supervisor, and no control over equipment not being timely repaired."

11. The "very limited number of hours" referred to in the expert report, that being the 15 or so hours worked by the facility dentist without other trained and licensed health care assistance

has lead to the facility dental care and treatment becoming almost completely imaginary as one, (1), the only one dentist provided by Wexford Health Sources Inc., is required to do everything from fix cavities, to teach emotionally disturbed or low functioning residents how to brush their teeth because there are no licensed dental Hygienist at the Rushville facility. This "very limited number of hours" has created a culture wherein the dentist has created additional barriers all residents must overcome to actually obtain treatment for very real, and very serious medical conditions.

12.   For example, and in no way limited to, The Illinois Dept., of Human Services Directive, Title, Dental Screening and Oral Health Care, Directive Number:04.0032 sets forth procedures. General Procedure 1-C states that: "Referrals to a Dentist are made for symptomatic dental problems, based on abnormalities identified by health care staff, or as a result of a Resident request for services." The dental department, which is basically Dr. Jacqueline F. Mitchell-Lawshea even though she has testified she cannot do the job Wexford has placed her here to do, has adopted a policy which ignores completely directive number 04.0032 and instead requires a resident to file an itemized request slip identifying teeth, issues to be requested, and services needed for each tooth you are requesting service on. For exapmple, if you are seen by the facility dentist, and as the directive requires the dentist identifies half of tooth #  99 is missing, the dentist either takes corrective action at that time or schedules another appointment to make repairs and provide treatment. Under the current scheme implemented by the dentist, you are required to file a formal written request identifying the exact repairs needed in the exact tooth.

13. The Plaintiff points out that this implemented procedure not only violates common sense and the Directives already discussed, it requires a level of understanding of dental care and treatment far beyond that of this Plaintiff and the average resident. Further, this again is an imaginary ploy, or policy designed simply to wear down residents so that they simply stop seeking treatment as the dentist cannot provide the treatment needed by an aging population of over 550 residents, plus those person(s) that are currently living on Conditional release. The imaginary, or fake, requirement of having to file a request for each and every "diagnosed problem" only exists for the Wexford dentist. The Wexford Medical Doctor has no such requirement that Plaintiff first puts in a Health care request to be seen and diagnosed for a medical problem, then file additional Health care Reuest(s) for each problem diagnosed by the doctor needing medical attention. This is simply an effort to try and confuse the issue, prevent those who are suffering from seeking relief, and an expert's way of lying.

14. The Plaintiff has placed each of the Defendants' named in this complaint on notice of the lack of dental care and treatment at this facility. The Plaintiff wrote to Wexford directly and the official response from the Wexford office was to use the facility grievance procedure to address my concerns. Well, as discussed, the grievance examiner will not allow grievance over dental issues, the "to few" or very limited hours" supplied by Wexford, so no relief outside of litigation is possible. And, referring again to the imaginary policy enforced by the Wexford dentist at the facility require again and again that the Plaintiff requests treatment for problems diagnosed by the

dentist, this is a tactic, a lie, and nothing more than an effort to avoid liability perhaps started at and handed down from the highest levels of Wexford Health Sources, Inc., itself as at this point in time the company itself cannot possibly hope to claim it is clue less as to the daily operations as to the Rushville Facility.

15. In January of 2016, this Plaintiff was seen by the Medical Doctor at the facility, he is not a defendant in this case. The medical doctor was seeing the Plaintiff for a condition that he had repeatedly called plaintiff in for treatments on after he, made the initial diagnosis, planed, and had scheduled all treatments for. During a treatment in January the Plaintiff complained about a cavity, having cavities, and not receiving any cavity for an extended period of time even though he had been called to the dentist office for "routine Check-ups" which makes no sense whatsoever considering no one ever takes corrective action or provides treatment for problems all ready diagnosed. During this January 2016 visit with the M.D. he issued a referral to the dentist agreeing that the cavities should be fixed. This referral was not only done by a medical doctor, it was in fact made at the "request" of the Plaintiff. The result of the referral was the dentist in fact brought Plaintiff into her office for a visit, confirmed Plaintiff had cavities, and took no further corrective actions such as providing fillings, or scheduling repairs. Simply put, there is no level of requesting that will result in treatment for diagnosed medical needs as Wexford has not supplied enough hours for a dentist to work at this facility, and has not provided necessary help to assist the one dentist that works at this facility.

16. The Plaintiff is entitled to relief in this complaint as

he, despite what Wexford Health Sources, Inc., believes is entitled to health care as is every resident at this Fcaility. The "very limited hours" supplied to a single dentist has created a culture of lies and deception designed to deprive Plaintiff of treatment for serious medical attention. Plainly spoken, at this point, no reasonable person could advance any position that could even suggest that this Plaintiff in particular has not complained about his plight, and made his needs known. In fact, it was even advanced in <u>Smego v. Mitchell</u>, over a year ago that a single grievance filed by this Plaintiff would have lead to all the Plaintiff's teeth being fixed, no doubt about it. In reality, Plaintiff filed that grievance and it was refused as a nongrievable issue. While the Plaintiff contends and asserts most justly that the Plaintiff has a First Amendment right to complain about the conditions of his confinement, this belief is not shared by the defendants in this Complaint. These actions are not negligent in any manner, the are forceful, directed, and deliberate. They cause this Plaintiff, and many, many other residents to go without care and treatment for already diagnosed medical needs, and the Court should not tolerate this behavior from Wexford Health Source Inc., or the other named Defendants' in this complaint. Most telling in the long and ever growing record of non-treatment by the Defendant's in this case is that this Plaintiff has again and again reported for dental visits in Health care. Again and again the dentist has seen and recorded the same problems needing medical intervention, year after year, and no where in this vast record is a refusal for treatment signed or in anyway, indicated by this Plaintiff. Wexford must be held held accountable for the deliberate under staffing, and "very limited hours" insufficient for actual care and treatment.

## VI.   RELIEF REQUESTED

**WHEREFORE**, for the reasons and violations complained of above, the Plaintiff, RICHARD MICHAEL SMEGO, **PRAYS** that this Honorable Court enter and issue an **ORDER**:

1. Finding and enunciating a Declaratory Judgment that the events and actions complained of herein violated the Fourteenth Amendment of the United States Constitution, as the herein named Defendants were deliberately indifferent to the Plaintiff's serious medical needs.

2. Entering a permanent injunction requiring one (1) full time dentist, and one (1) full time, forty hour a week, dental assistant be hired and maintained at the Rushville Treatment and Detention facility at all times.

3. That the current Dentist, Dr. Jacqueline F. Mitchell-Lawshea be replaced and that her current 15 hours a week not become part of a full time dental treatment scheme at the facility.

4. That an actual process be put in place that allows for the Plaintiff to formally complain about the dental treatment he is, or is not, receiving at the facility. That these complaint be tracked, responded to, and recorded for later review if necessary.

5. For injunctive relief ordering the facility to comply with the standards for care and treatment of resident as it relates to his dental needs.

6. For an immediate injunction requiring the defendants' to fix, repair, and maintain all of Plaintiff's remaining teeth without delay, in accordance with the standards of care normally afforded all citizens of the United States.

7. Awarding Plaintiff reasonable cost and attorneys fees.

8. Awarding Plaintiff compensatory damages in excess of $5,000.00, with said damages to be proven up at trial or during hearing.

9. Awarding Plaintiff punitive damages in excess of $5,000.00 with said damages to be proven up at trial or during hearing.

10. Entering and issuing an Order that any mony recovered as damages cannot be joined, or otherwise taken by the State of Illinois, or its service providers for upkeep or other reasons.

11. And awarding Plaintiff any and all permanent injunctive relief deemed necessary by the Court to prevent any further violation of the Plaintiff's rights, as well as any further additional relief that this Court may deem just, proper, or required.

Respectfully submitted:

By: /s/ R. M. Smego

Mr Richard M. Smego, Plaintiff
IL Dept of Human Services
Treatment & Detention Facility
17019 COunty Farm Road
Rushville, Illinois 62681
PRO SE