UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD MICHAEL SMEGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 16-4058-SEM-TSH |
| ) | |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC., GREGG SCOTT, MICHAEL ) | |
| BEDNARZ, DANIELLE ) | |
| WALKER-LOW, and SANDRA ) | |
| SIMPSON, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Richard Michael Smego, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Smego's Complaint states a claim against Defendants for violating his Due Process rights under the Fourteenth Amendment in that Defendants have, allegedly, been deliberately indifferent to his serious medical needs.  Because Smego is a civil detainee, his claim falls under the Fourteenth Amendment's Due Process Clause because he is more akin to a pretrial detainee than a prisoner. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005).  The Seventh Circuit has stated that the Fourteenth Amendment's protections are

"'at least as great as the protections available to a convicted prisoner under the Eighth Amendment.'" *Tesch v. County of Green Lake,* 157 F.3d 465, 473 (7th Cir. 1998)(quoting *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244 (1983)).

However, the Seventh Circuit has also stated that "there is little practical difference between the two standards." *Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir. 2001)(internal quotation omitted). Accordingly in order to state a claim for deliberate indifference to a serious medical need, Smego must allege "(1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005)).

Smego has alleged that he has not and is not receiving proper dental care at Rushville. Smego alleges that Dr. Jacqueline Mitchell-Lawshea is the only dentist at Rushville for over five hundred residents, and she only works at the facility approximately fifteen (15) hours per week. Smego contends that the dental staffing at Rushville is woefully inadequate and that the

understaffing is to the point that it violates his Constitutional rights.

Smego alleges that the lack of dental treatment at Rushville has resulted in him developing cavities that have gone untreated. Smego states that each of the individually named Defendants are aware of the lack of dental services at Rushville and that they are each aware of his individual need for dental treatment, but they have done nothing.

Finally, Smego alleges that Defendant Wexford Health Sources, Inc., maintains a policy of providing an insufficient number of dental providers at Rushville. Smego contends that Wexford is aware of the understaffing and the problem that it causes at Rushville, but Wexford maintains this policy in order to save money.

Based upon these allegations, Smego's Complaint states a claim upon which relief can be granted for violating his Due Process rights.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [2] is GRANTED.

2.  Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical needs in violation of his Fourteenth Amendment Due Process rights. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.  This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.  The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the Answer is necessary or will be considered.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed to: (1) show Plaintiff's motion to proceed in forma pauperis [2] as GRANTED; (2) to attempt service on Defendants pursuant to the standard procedures; and (3) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on the Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this   27th   day of July, 2016

                                                   s/ Sue E. Myerscough  
                                                     SUE E. MYERSCOUGH  
                                     UNITED STATES DISTRICT JUDGE