IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD MICHAEL SMEGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-4058 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Pro se Plaintiff Richard M. Smego filed this action complaining of deliberate indifference to his serious medical needs concerning dental care while a resident of the Department of Human Services detention facility located in Rushville, Illinois. Defendant Wexford Health Sources, Inc. contracts with the Department of Human Services to provide dental care to the residents of the DHS detention facility. The individual Defendants are employed in various capacities at the DHS facility.

FACTS

On June 20, 2017, the Court conducted a settlement conference. Participating in the settlement conference were the Plaintiff Richard Smego and defense counsel, Douglass Bitner, Kyle Rockershousen, and Theresa

Powell. The parties reached a settlement agreement. The settlement agreement was stated by the Court and all parties orally agreed to the terms of the stated settlement agreement.

On July 12, 2017, Plaintiff filed a Motion to Reopen Settlement Conference (d/e 44) (Motion). Plaintiff's essential complaint was that the Defendants' tendered settlement agreements to him did not conform with the agreed settlement reached by the parties on June 20, 2017. Defendants filed no responses to Plaintiff's Motion.

Upon reviewing the Motion, the Court ordered the Plaintiff to produce all settlement agreements referred to in his Motion to the Court for in camera review. (8/15/2017 Text Order) Plaintiff forwarded the documents to the Court as ordered and the undersigned reviewed the settlement documents tendered to the Court.

After reviewing the documents, the Court ordered a telephonic settlement conference among the parties on October 13, 2017, at 1:30 p.m. The settlement conference took place. Participating in the conference were Plaintiff Richard Smego and defense attorneys Joseph Rupcich, Kyle Rockershousen, and Theresa Powell, representing their respective Defendants.

COURT'S RULING ON PLAINTIFF'S MOTION TO REOPEN
AND ORDER REGARDING ENFORCEMENT OF SETTLEMENT

This Court "possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." <u>Wilson v. Wilson</u>, 46 F.3d 660, 664 (7th Cir. 1995). <u>See also</u> <u>Brewer v. National R.R. Passenger Corp.</u>, 165 Ill.2d 100, 105, 649 N.E.2d 1331, 1333 (Ill. 1995) (Under Illinois law, a court has authority to enforce a settlement agreement in a case pending before it.). This case is currently pending before this Court: judgment has not been entered; the case has not been dismissed. This Court has jurisdiction over this matter.

Settlement agreements are contracts. Courts apply ordinary contract construction principles to determine the enforceability and construction of the settlement agreement. <u>See</u> <u>United States v. Rand Motors</u>, 305 F.3d 770, 774 (7th Cir. 2002); <u>Allstate Financial Corp.</u>, 936 F.Supp. at 527. Illinois law controls since the agreement was made in Illinois. <u>See</u> <u>Dillard v. Starcon Intern., Inc.</u>, 483 F.3d 502, 506-07 (7th Cir. 2007) (state law controls enforcement of settlement agreements, even if the underlying claims are based on federal law).

Under Illinois law, oral settlement agreements announced by the parties in open court are enforceable as long as there has been an offer and acceptance and a meeting of the minds as to the material terms of the

agreement. Dillard, 483 F.3d at 507; Wilson v. Wilson, 46 F.3d 660, 666-67 (7th Cir. 1995). "Whether a 'meeting of the minds' occur[s] depends on the parties' objective conduct, not their subjective beliefs." Dillard, 483 F.3d at 507. The terms of the settlement agreement need not be recorded as long as they were agreed to before the Court. See Rose v. Mavrakis, 343 Ill.App.3d 1086, 1096-97, 799 N.E.2d 469, 478 (Ill. App. 1st Dist. 2003) (oral settlement agreement reached in settlement conference conducted by the court is enforceable).

Such oral settlement agreements are enforceable as long as their terms are sufficiently definite. "Under Illinois law, '[a] contract is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do.'" Wilson, 46 F.3d at 667 (quoting Academy Chicago Publishers v. Cheever, 144 Ill.2d 24, 161 Ill.Dec. 335, 337, 578 N.E.2d 981, 983 (1991)). Such agreements are enforceable even if the parties did not spell out nonessential details. Rose, 799 N.E.2d at 474.

In this case, the parties entered into an enforceable settlement agreement on June 20, 2017 in open court. The objective conduct of the parties demonstrated that there was a meeting of the minds. Plaintiff and

counsel for all Defendants appeared in person and agreed to the material terms of the settlement before this Court.

The parties agreed that the terms of the settlement would be confidential. The Court made an audio recording of the terms of the settlement and each of the parties agreed that the terms stated by the Court were the terms of "our settlement". During the October 13, 2017, conference call, the Court reviewed the specific terms of the settlement with Plaintiff and the attorneys for the respective Defendants. Based upon the legal principles set forth above, the Court informed the parties that the Court has determined the settlement agreement entered into by the parties on June 20, 2017 was enforceable.

The Court read the essential terms of the settlement to the parties from the transcript of the terms of the settlement recorded on June 20, 2017. The Court ordered that the transcript be filed UNDER SEAL with the Court and ordered the Clerk to mail a copy of the transcript to each of the attorneys appearing for the telephone conference, as well as to the Plaintiff. The copies of the transcript reciting the settlement agreement were stamped "SEALED" and "CONFIDENTIAL". The parties are to maintain the confidentiality of the terms of the settlement agreement pursuant to their agreement. The Court gave non-exhaustive examples of the non-

compliance with the tendered agreement with the parties. Specifically, the Court noted that the claims released in the tendered settlement agreements were different from the claims specified in lines 5-9 of page 2 of the transcript of the settlement agreement. The Court also noted that the operative terms of the services to be provided to the Plaintiff in the settlement agreement were not those stated in lines 3-25 of page 1 of the transcript and lines 1-2 on page 2 of the transcript. The Court also noted that the tendered agreements did not include the obligation for execution of document required by the settlement agreement by both parties stated in lines 12-17 of page 1 of the transcript. As noted, this list is not exhaustive.

FOR THE REASONS STATED ABOVE, IT IS ORDERED as follows:

1) Defendants are to tender to Plaintiff a written settlement agreement which conforms with the terms of the settlement agreement between the parties within 15 days of the entry of this Order;

2) Defendants shall tender with the settlement agreement a stipulation for dismissal of all claims with prejudice, each side to bear their own costs and attorney's fees;

3) Plaintiff shall execute the settlement agreement and the stipulation to dismiss and return same to Defendants within 10 days of his receipt;

4) Defendants shall file the stipulation to dismiss with the Court within 10 days after receipt of the executed stipulation from Plaintiff.

ENTERED:   October 23, 2017

___s/ *Tom Schanzle-Haskins*___
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE